IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

HAPPY STOMPINGBEAR
ADC #651503                                                                                          PLAINTIFF

v.                                    Case No. 4:18-cv-00827-KGB/BD

WENDY KELLEY, Director
Arkansas Department of Correction, *et al.*                                          DEFENDANTS

### ORDER

The Court has reviewed the three Partial Recommended Dispositions submitted by United States Magistrate Judge Beth Deere (Dkt. Nos. 5, 44, 108). Plaintiff Happy Stompingbear filed timely objections to all of the Partial Recommended Dispositions (Dkt. Nos. 6, 46, 111). After a review of the Partial Recommended Dispositions, Mr. Stompingbear's objections, as well as a *de novo* review of the record, the Court adopts the Partial Recommended Dispositions as its findings in all respects (Dkt. Nos. 5, 44, 108).

### I.    First Partial Recommended Disposition

The Court writes separately to address Mr. Stompingbear's objection to Judge Deere's first Partial Recommended Disposition (Dkt. No. 6). In that Partial Recommended Disposition, Judge Deere recommends dismissing Mr. Stompingbear's claims against defendant Asa Hutchinson, Governor of Arkansas, because Mr. Stombingbear failed to state a claim for relief (Dkt. No. 5, at 2). Mr. Stompingbear argues that Governor Hutchinson is liable under 42 U.S.C. § 1986 because Mr. Stompingbear wrote to Governor Hutchinson several times regarding his inability to practice his religion while in the Arkansas Department of Correction ("ADC") (Dkt. No. 6, at 1). Mr. Stompingbear further argues that Governor Hutchinson is liable because Governor Hutchinson is

"in a position to prevent, with a single phone call," the injury that occurred to Mr. Stompingbear (*Id.*).

In his objections, Mr. Stompingbear quotes and cites to 42 U.S.C. § 1986, which is a derivative of, or dependent on, a cause of action brought under 42 U.S.C. § 1985. *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981). Mr. Stompingbear has failed to state a claim against Governor Hutchinson under 42 U.S.C. § 1985 upon which relief can be granted. In his complaint, Mr. Stompingbear states that he brings his claims pursuant to §§ 1985 and 1986, among other federal and state statutes (Dkt. No. 2, at 1). To state a conspiracy claim under § 1985, Mr. Stompingbear must allege facts that demonstrate an "intent to deprive of equal protection of the laws." *Lewellen v. Raff*, 843 F.2d 1103, 1116 (8th Cir.1988). He has not, which necessitates dismissal of any claim under § 1985 and § 1986, as well. *Id.* Mr. Stompingbear argues that he wrote letters to Governor Hutchinson regarding his freedom to practice his religion while in the ADC and that Governor Hutchinson could have stopped the alleged injury that Mr. Stompingbear sustained (Dkt. No. 2, at 13). However, Mr. Stompingbear has failed to allege facts showing that Governor Hutchinson was involved in a conspiracy claim under §§ 1985 and 1986. These allegations also do not suffice to state a claim under 42 U.S.C. § 1983, as explained by Judge Deere. For these reasons, the Court adopts the first Partial Recommended Disposition as its findings in all respects (Dkt. No. 5).

## II. Second Partial Recommended Disposition

The Court will also address Mr. Stompingbear objections to the second Partial Recommended Disposition (Dkt. No. 46). In that Partial Recommended Disposition, Judge Deere recommended that Mr. Stompingbear's motion for preliminary injunction requesting that he be allowed to keep his legal work on person and allowed access to legal supplies be denied because

he did not state facts to support a conclusion that he is in immediate danger of irreparable harm absent immediate court intervention (Dkt. No. 44, at 2). In his objection, Mr. Stompingbear argues that he "do[es] not have enough time to make copies of all the time my legal work has been confiscated, but it has been a few times." (Dkt. No. 46, at 1). He further argues that prison officials have failed to deliver his legal mail and confiscated his legal work (*Id.*). However, Mr. Stompingbear does not allege any additional facts or present additional evidence outside of what he included in his original motion for preliminary injunction. For this reason, the Court agrees with the Partial Recommended Disposition that Mr. Stompingbear has failed to show immediate danger of irreparable harm at this time. For these reasons, the Court adopts the second Partial Recommended Disposition as its findings in all respects (Dkt. No. 44).

## III. Third Partial Recommended Disposition

Mr. Stompingbear also filed objections to the third Partial Recommended Dispostion (Dkt. No. 111). In that Partial Recommended Disposition, Judge Deere recommended that Mr. Stompingbear's motions for preliminary injunction be denied because he did not state facts to support a conclusion that he is in immediate danger of irreparable harm absent immediate court intervention (Dkt. No. 108, at 2). Regarding Mr. Stompinbear's use of tarot cards to practice his religion, Judge Deere found that Mr. Stompingbear failed to show "that the chaplain has recently denied Mr. Stompingbear's requests to check out tarot cards or that ADC officials have prevented him from keeping other Wiccan items in his cell." (*Id.*, at 3). Regarding Mr. Stompingbear's legal work, Judge Deere found that Mr. Stompingbear did not present facts indicating that he will suffer more than "possible harm" by the ADC officials allegedly confiscating "many exhibits." (*Id.*). Regarding the prison requirement that Mr. Stompingbear perform manual labor, Judge Deere found that, even though Mr. Stompingbear deemed manual labor to be "slavery" under his

religious beliefs, the Thirteenth Amendment to the United States Constitution does not prohibit prisons from requiring inmates to work (*Id.*).

In his objections, Mr. Stompingbear essentially reasserts his prior arguments, which Judge Deere addressed. He argues that for "about a year" the chaplain held tarot cards, but he was only able to check the cards out once despite requesting the tarot cards "50-60 times that year." (Dkt. No. 111, at 1). Even with this, Mr. Stompingbear still has failed to show that the ADC has recently denied his request for tarot cards or prevented him from keeping other Wiccan materials. Further, Mr. Stompingbear reiterates his arguments related to the confiscation of his legal work and fails to show facts that support a finding of irreparable harm (*Id.*). Finally, Mr. Stompingbear restates his arguments regarding the ADC's requirement that he perform manual labor (*Id.*). This Court agrees with Judge Deere. Because Mr. Stompingbear has failed to show a basis for the Court to conclude that he will suffer an irreparable harm, the Court adopts the third Partial Recommended Disposition as its findings in all respects (Dkt. No. 108).

It is therefore ordered that:

(1) The Court dismisses without prejudice Mr. Stompingbear's claims against defendant Asa Hutchinson. The Clerk of Court is instructed to terminate Governor Hutchinson as a party defendant.

(2) The Court denies Mr. Stompingbear's motions for preliminary injunctive relief (Dkt. Nos. 43, 89, 92).

So ordered this 13th day of September, 2019.

_____
Kristine G. Baker
United States District Judge