THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**HAPPY STOMPINGBEAR, ADC #651503**     **PLAINTIFF**

v.     **Case No. 4:18-cv-00827-KGB-BD**

**WENDY KELLEY, SECRETARY OF THE ARKANSAS**
**DIVISION OF CORRECTION,** *et al.*     **DEFENDANTS**

## ORDER

Plaintiff Happy Stompingbear, also known as Christopher Ward, is presently confined in the Arkansas Division of Correction ("ADC"). On November 5, 2018, Mr. Stompingbear initiated this case by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Dkt. No. 2). Mr. Stompingbear filed an amended complaint on April 5, 2019 (Dkt. No. 77), which remains the operative complaint in this case. Presently before the Court are Mr. Stompingbear's motion for preliminary injunction, motion for reconsideration of the evidence, and two Partial Recommended Dispositions entered by United States Magistrate Judge Beth Deere (Dkt. Nos. 167, 168, 171. 173). The case has since been reassigned to United States Magistrate Judge Edie R. Ervin (Dkt. No. 178).

For the reasons set forth below, the Court: (1) adopts Judge Deere's January 12, 2021, Partial Recommended Disposition; (2) adopts Judge Deere's January 26, 2021, Partial Recommended Disposition; (3) denies Mr. Stompingbear's motion for preliminary injunction, and (4) denies Mr. Stompingbear's motion for reconsideration of the evidence.

**I.     The January 12, 2021, Recommended Disposition**

In her January 12, 2021, Partial Recommended Disposition, Judge Deere recommends that Mr. Stompingbear be allowed to proceed on: (1) the First Amendment claims that he raises against defendant Mayfield in grievances TU-14-148, TU-14-293, TU-14-393; (2) the First Amendment

claims that he raises against defendants Mayfield, Williams, and Evans in grievance TU-14-387 (Dkt. No. 148-3, at 3, 10, 23, 31, and 59); and (3) the First Amendment claims that he raises against defendant Fulk in grievance TU-15-749 (Dkt. No. 168).  Mr. Stompingbear has filed timely objections to this Partial Recommended Disposition (Dkt. No. 170).  After careful consideration of Judge Deere's Partial Recommended Disposition, Mr. Stompingbear's objections, and a *de novo* review of the record, the Court finds no reason to alter or reject Judge Deere's recommendation.

Accordingly, Mr. Stompingbear may proceed on:  (1) the First Amendment claims that he raises against defendant Mayfield in grievances TU-14-148, TU-14-293, TU-14-393; (2) the First Amendment claims that he raises against defendants Mayfield, Williams, and Evans in grievance TU-14-387 (Dkt. No. 148-3, at 3, 10, 23, 31, and 59); and (3) the First Amendment claims that he raises against defendant Fulk in grievance TU-15-749.  The Court therefore dismisses Mr. Stompingbear's Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 ("RLUIPA"), claims and claims raised in grievances TU-14-337, TU-15-294, and TU-15-531.

## II. Motion For Preliminary Injunction And The January 26, 2021, Recommended Disposition

On January 11, 2021, Mr. Stompingbear filed his fifth motion for preliminary injunction, requesting the Court to order ADC officials to allow him "to use and keep tarot cards 'on person.'" (Dkt. No. 167, at 1).  In her January 26, 2021, Partial Recommended Disposition, Judge Deere recommends that Mr. Stompingbear's motion for preliminary injunction be denied because he cannot show a likelihood of success on the merits and because, according to the record at that time Mr. Stompingbear had not requested access to available Tarot cards, he also failed to show that he would suffer harm absent preliminary court intervention (Dkt. No. 171, at 2-3).  After careful consideration of the January 26, 2021, Partial Recommended Disposition, Mr. Stompingbear's

objections and supplemental filings, and a *de novo* review of the record, the Court finds no reason to alter or reject Judge Deere's recommendation.

Addressing Mr. Stompingbear's objections and supplemental filings (Dkt. No. 185 (referencing Dkt. Nos. 172, 177, 180, 181)), the Court notes that defendants have stated that Mr. Stompingbear will be able to "utilize donated cards for solitary worship in the Chapel." (Dkt. No. 179, at 2). While Mr. Stompingbear claims that he has tried to donate such tarot cards and been denied, the record evidence shows that Chaplain McCown is willing to accept his donation and to give Mr. Stompingbear access to tarot cards for solitary worship, only declining the donation under additional conditions requested by Mr. Stompingbear (Dkt. No. 181, at 6-7).

### III.     Motion For Reconsideration Of The Evidence

On March 15, 2021, Mr. Stompingbear filed a motion for reconsideration of the evidence (Dkt. No. 173). Defendants Fulk, Harris, Henig, Treas, and Watson responded to the motion (Dkt. No. 175). Mr. Stompingbear replied (Dkt. No. 176).

In his motion, Mr. Stompingbear cites Federal Rule of Civil Procedure 60(b)(6) requesting the Court reconsider its order adopting Judge Deere's partial recommended disposition (Dkt. No. 157) dismissing certain defendants (Dkt. No. 176). Mr. Stompingbear asks the Court to reconsider his claims on the basis of purportedly new evidence that he claims supports his defense to some or all of defendants' exhaustion motion. The Court understands Mr. Stompingbear to argue that he was intentionally prevented from filing grievances, or that his grievances were unfairly denied, rejected, or not reviewed. However, the motion does not allege that any of the dismissed defendants engaged in misconduct regarding the handling of Mr. Stompingbear's grievances. Rather, based upon this Court's review, Mr. Stompingbear's asserted "evidence" merely reiterates his initial claims against the dismissed defendants.

Rule 60(b)(6) "authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like). It is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 989–90 (8th Cir. 1999). For these reasons, the Court denies Mr. Stompingbear's motion for reconsideration (Dkt. No 173).

### IV.     Conclusion

In sum, the Court rules as follows:

1. The Court adopts the January 12, 2021, Partial Recommended Disposition in its entirety as this Court's findings of fact and conclusions of law (Dkt. No. 168).

2. The Court adopts the January 26, 2021, Partial Recommended Disposition in its entirety as this Court's findings of fact and conclusions of law (Dkt. No. 171).

3. The Court denies Mr. Stompingbear's motion for preliminary injunction (Dkt. No. 167).

4. The Court denies Mr. Stompingbear's motion for reconsideration (Dkt. No. 173).

It is so ordered this the 23rd day of September, 2021.

Kristine G. Baker
United States District Judge