THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**HAPPY STOMPINGBEAR**[1]   **PLAINTIFF**
**ADC #651503**

v.    Case No. 4:18-cv-00827-KGB-ERE

**WENDY KELLEY, Director, Arkansas**
**Department of Correction,** *et al.*    **DEFENDANTS**

## ORDER

Before the Court is plaintiff Happy Stompingbear's[1] motion for reconsideration (Dkt. No. 233). Stompingbear urges the Court to reconsider its September 23, 2021, Order adopting United States Magistrate Judge Beth Deere's January 12, 2021, Partial Recommended Disposition (Dkt. Nos. 168; 187).

The Court construes Stompingbear's motion, which makes no reference to the Federal Rules of Civil Procedure, to be made under Federal Rule of Civil Procedure 60(b)(1). Rule 60(b)(1) allows a court, upon a motion, to relieve a party from a final judgment or order for mistake, inadvertence, surprise, or excusable neglect. "Relief under Rule 60(b) is limited." *Richards v. Aramark Servs., Inc.*, 108 F.3d 925, 927 (8th Cir. 1997). "A district court should grant a Rule 60(b) motion 'only upon an adequate showing of exceptional circumstances.'" *United States v. Tracts 10 & 11 of Lakeview Heights*, 51 F.3d 117, 120 (8th Cir. 1995) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986), *cert. denied*, 484 U.S. 836 (1987)); *see also In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.,* 496 F.3d 863, 866 (8th Cir. 2007); *Richards*, 108 F.3d at 927 (quoting *Tracts*, 51 F.3d at 120); *General Elec. Co. v. Lehnen*, 974 F.2d

---

[1] Stompingbear is also known as Christopher Ward.

66, 67 (8th Cir. 1992) (explaining that relief under Rule 60(b) can be granted only in exceptional cases).

The September 23, 2021, Order determined that Stompingbear could not bring any time-barred claims made under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") because Stompingbear did not assert any RLUIPA claims in Stompingbear's previous lawsuit styled *Ward v. Kelley et al.*, Case No. 5:16-cv-00119-KGB-JJV, 2017 WL 2633395, at *1 (E.D. Ark. June 19, 2017), *aff'd*, Case No. 17-3012, 2018 WL 11441638 (8th Cir. Mar. 26, 2018) (Dkt. Nos. 168, at 6; 187, at 2).[2]  Stompingbear argues that this conclusion "ignore[s] facts" because the "Jurisdiction and Venue" section of the *Ward* complaint listed provisions of the RLUIPA statute, 42 U.S.C. §§ 2000cc-1, 2000cc-2 (Dkt. No. 233-1, at 1).  The Court has reviewed Stompingbear's *Ward* complaint in its entirety (Dkt. No. 233-1) and concludes that Stompingbear failed to "assert any RLUIPA claims in [the *Ward*] . . . lawsuit" because Stompingbear did not sufficiently invoke RLUIPA.

Stompingbear, as a *pro se* litigant, is owed liberal construction of the documents Stompingbear files.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, Stompingbear must comply with substantive and procedural law.  *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986). Applying that liberal construction standard to Stompingbear's filings, this Court previously determined that the *Ward* complaint, which listed provisions of the RLUIPA statute, alleged only First Amendment violations, not violations under RLUIPA.  Stompingbear must do more than point to a list of statutes free from context to claim Stompingbear previously asserted a timely

---

[2] The Court notes that the Eighth Circuit Court of Appeals, having "reviewed the original file of the United States District Court[,]" "summarily affirmed" this Court's decision in *Ward*. *Ward v. Kelley et al.*, Case No. 17-3012, (8th Cir. Mar. 29, 2018).  Furthermore, in Stompingbear's notice of appeal in *Ward*, Stompingbear did not cure or otherwise make out an RLUIPA claim. All Stompingbear stated was: "[m]y amended complaint deals strictly with religious rights."

RLUIPA claim in *Ward*. *See generally Murray v. Kansas Dep't of Corr.*, Case No. 07–3276, 2009 WL 1617664, at *3 (D. Kan. June 9, 2009) ("Plaintiff cannot invoke RLUIPA because he has not alleged that [the Kansas Department of Corrections] received federal funding nor has Plaintiff alleged that he experienced a substantial burden that would affect interstate or foreign commerce. Accordingly, as pleaded in Plaintiff's Amended Complaint, this Court finds that RLUIPA does not apply to this case, and therefore, dismisses Plaintiff's cause of action for failure to state a RLUIPA claim."); *Ephraim v. Angelone*, 313 F. Supp. 2d 569, 575 (E.D. Va. 2003) ("Plaintiff has not alleged sufficient facts to properly invoke the statute. The statute explicitly requires that [the] substantial burden complained of be imposed in a program or activity that receives federal financial assistance or that the alleged burden affect interstate or foreign commerce. Thus, the general rule in subsection (a) does not become applicable until the threshold of subsection (b) has been met." (citation omitted)).

For the foregoing reasons, the Court denies Stompingbear's motion for reconsideration (Dkt. No. 233). The Court's September 23, 2021, Order adopting Judge Beth Deere's January 12, 2021, Partial Recommended Disposition remains in effect (Dkt. Nos. 168; 187).

It is so ordered this 26th day of September, 2022.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge