IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**HAPPY STOMPINGBEAR**            **PLAINTIFF**
**ADC #651503**

V.          NO. 4:18-cv-00827-KGB-ERE

**WENDY KELLEY,** *et al.*           **DEFENDANTS**

## ORDER

Pending before the Court is Plaintiff Happy Stompingbear's motion for abeyance. *Doc. 301*. Mr. Stompingbear contends that he is missing "important documents" that prevent him from properly opposing Defendants' supplemental motion for summary judgment (*Doc. 298*), filed on November 13, 2022. For the reasons explained below, the motion is denied.

Mr. Stompingbear describes two broad categories of missing documents: (1) unit policies regarding chaplain services; and (2) "some articles" from a tribal newspaper and other newspapers, newsletters and magazine articles. However, he fails to explain how the information or facts contained in these documents is relevant and material to the pending summary judgment issues.

When a "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a motion for summary judgment, the Court may defer ruling on a motion for summary judgment,

allow additional time to respond or enter any other appropriate order. Fed. R. Civ. P. 56(d). However, before the Court can even consider delaying consideration of the pending summary judgment motion under this provision, Mr. Stompingbear must submit an affidavit explaining "(1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (3) why the affiant's efforts were unsuccessful." *Johnson v. United States*, 534 F.3d 958, 965 (8th Cir. 2008) (citing *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004)). Mr. Stompingbear fails to come close to satisfying the required showing to even consider deferring a ruling on Defendant's supplemental summary judgment motion.

Regarding the missing articles, even assuming they have some relevance to the issues before the Court, it is unclear how they would be admissible in evidence and properly considered in evaluating whether to grant summary judgment. *Howard v. Columbia Public School District,* 363 F.3d 797, 801 (8th Cir. 2004) (in reviewing a summary judgment motion, the court must "consider only admissible evidence and [must] disregard portions of various affidavits and depositions that were made without personal knowledge, consist of hearsay, or purport to state legal conclusions as fact").

Regarding the missing policies, an alleged violation of internal prison rules or procedures, standing alone, is not actionable. *Phillips v. Norris,* 320 F.3d 844, 847

(8th Cir. 2003) ("there is no federal constitutional liberty interest in having … prison officials follow prison regulations"); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997) ("there is no § 1983 liability for violating prison policy").

Finally, the Court has been extremely generous in granting Mr. Stompingbear extensions of time to oppose summary judgment. See, e.g., *Docs. 263, 275, 278, 286*. It is now time to resolve all the summary judgment issues in this case, most of which have been pending for many months. Mr. Stompingbear filed his motion for summary judgment on April 11, 2022; Defendants filed their first motion for summary judgment on May 6, 2022. And this case has been pending over four years. Mr. Stompingbear has had ample time to consider the issues in this lawsuit and to preserve any evidence necessary to oppose summary judgment. At this point, further delays will not be looked on favorably.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff Happy Stompingbear's motion for abeyance (*Doc. 301*) is DENIED.

2. The new deadline for Mr. Stompingbear to respond to Defendants' supplemental motion for summary judgment (*Doc. 298*) is **December 15, 2022**.

Dated this 30th day of November, 2022.

UNITED STATES MAGISTRATE JUDGE