THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**HAPPY STOMPINGBEAR**                                                                                           **PLAINTIFF**
**ADC #651503**

v.                                   Case No. 4:18-cv-00827-KGB-ERE

**WENDY KELLEY, Director, Arkansas**
**Department of Corrections,** *et al.*                                                                     **DEFENDANTS**

## ORDER

Before the Court is the Recommended Disposition of United States Magistrate Judge Edie R. Ervin (Dkt. No. 316). Plaintiff Happy Stompingbear filed objections to the Recommended Disposition (Dkt. No. 322). After a review of the Recommended Disposition, Stompingbear's objections, as well as a *de novo* review of the record, the Court adopts the Recommended Disposition in full (Dkt. No. 316).

The Court writes in response to Stompingbear's objections. Stompingbear's objections reassert many of the same arguments raised in the summary judgment briefing in this case and addressed by Judge Ervin in her Recommended Disposition. (Dkt. No. 322). Stompingbear raises no new points consistent with the remaining claims in this case or supported by the summary judgment record. The Court overrules Stompingbear's objections.

At this point in the litigation, Stompingbear has two remaining claims: the failure to accommodate group worship claim and the failure to accommodate tarot cards claim (Dkt. Nos. 316, at 15, 18; 258, at 2). These claims remain only on First Amendment grounds, as this Court previously dismissed all Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §2000cc-1 ("RLUIPA"), claims (Dkt. Nos. 187, at 2; 288, at 2).

With regard to the First Amendment failure to accommodate group worship claim against defendants Fulks, Mayfield, Williams, Henig, and Evans, the Court adopts Judge Ervin's recommendation in its entirety and dismisses these claims against them with prejudice (Dkt. No. 316, at 2, 15). To the extent that the First Amendment group worship claim was only against defendants Mayfield, Williams, and Evans (Dkt. Nos. 187, at 2; 258, at 2), the Court notes that any RLUIPA group worship claims against Fulks and Henig were dismissed with prejudice by its previous orders, and, even if these claims remain, the Court adopts Judge Ervin's recommendation in its entirety (Dkt. Nos. 187, at 2; 288, at 2; 316). With regard to the First Amendment failure to accommodate tarot cards claim against defendants Fulks, Henig, Treas, and Watson the Court adopts Judge Ervin's recommendation in its entirety and dismisses these claims against them with prejudice (Dkt. No. 316, at 2, 18). To the extent that the First Amendment failure to accommodate tarot cards claim was only against defendant Fulks (Dkt. Nos. 187, at 2; 258, at 2), the Court notes that any RLUIPA tarot cards claims against Henig, Treas, and Watson were dismissed with prejudice by its previous orders, and, even if these claims remain, the Court adopts Judge Ervin's recommendation in its entirety (Dkt. Nos. 187, at 2; 288, at 2; 316). The Court dismisses without prejudice Stompingbear's claim that defendant Harris failed to provide Stompingbear a job assignment consistent with Stompingbear's religious beliefs (Dkt. No. 316, at 2 n.2).

For these reasons, the Court grants defendants' motion for summary judgment and supplemental motion for summary judgment (Dkt. Nos. 256; 298). The Court denies Stompingbear's motion for summary judgment (Dkt. No. 244). The Court dismisses Stompingbear's remaining claims against the eight remaining defendants: Arkansas Division of Correction ("ADC") chaplains Paul Fulks, Jeffrey Henig, Sean Treas, and Joshua Mayfield and ADC officers Steven Williams, Randel Watson, Grant Harris, and Marvin Evans.

This Order, along with this Court's prior Orders, address all of Stompingbear's claims asserted in Stompingbear's operative amended complaint (Dkt. Nos. 77 (amended complaint); 75 and 76 (narrowing claims voluntarily); 116; 160; 187; and 289, at 2 n.4 (specifying exhausted claims that may go forward)).

For these reasons, Stompingbear's requests for relief are denied consistent with these Orders and the Judgment entered in this case.

It is so ordered this 29th day of September, 2023.

_____
Kristine G. Baker
United States District Judge